**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**SCHAFER CORPORATION**

       **Plaintiff,**

v.                                                                  **Case No. 1: 12-CV-1204**

**VIRGINIA SQUARE OFFICE CORPORATION,**

       **Defendant.**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED**
**CONSIDERATION OF DECLARATORY JUDGMENT CLAIM**

Plaintiff, Schafer Corporation ("Schafer"), by and through counsel and pursuant to Fed.

R. Civ. P. 57, Local Rule 7(f), and 28 U.S.C. § 2201, respectfully submits this Memorandum of

Law in support of its Motion for Expedited Consideration of Declaratory Judgment Claim.

**BACKGROUND**

Schafer is the Tenant under a lease dated June 23, 2000 ("Lease") with New Boston /

Meridian, LLC ("NB/M") for office space in a building known as Virginia Square Plaza (the

"Building").  Compl. ¶ 3.  Defendant, Virginia Square Office Corporation ("Virginia Square" or

"Landlord"), is the successor-in-interest to NB/M as Landlord under the Lease.  *Id.*  Section

XXXI of the Lease provides that it cannot "be assigned, mortgaged, pledged, encumbered, or

otherwise transferred, and that neither the Premises, nor any party thereof, will be … used or

occupied, or utilized for desk space or for mailing privileges, by anyone other than [Schafer] …

or be sublet" without Landlord's prior written consent.  *See* Exhibit A to the Complaint at ¶ 9.

This provision has not been amended or otherwise modified.

On or about August 31, 2009, Schafer and Virginia Square entered into a First

Amendment to Lease ("Amendment").  Compl. ¶ 3 and Exhibit B to the Complaint.  The

Amendment provided Schafer with a "Limited Right of Termination" upon the occurrence of specified events. Compl. ¶ 9.  Those events included (1) the relocation of the Defense Advanced Research Projects Agency ("DARPA"), for which Schafer provides certain services, to a new location; (2)  Schafer's leasing space that was closer to DARPA's new location; and (3) Schafer's relocating all or substantially all of its employees to Schafer's new location. *Id.*  The Amendment required Schafer to provide Virginia Square with written notice of its intent to terminate (the "Termination Notice") and pay a fee, at the time of the Termination Notice, as calculated under Section 9 of the Amendment. Compl. ¶ 10.

Following execution of the Amendment, Schafer entered into two Facility Use Agreements ("Facility Use Agreements") concerning the performance of a DARPA contract and related subcontracts.  Complaint at ¶¶ 11-13, 17-19. The Facility Use Agreements provide desk space to two other parties in the Building covered by Schafer's Lease for the sole purpose of performing work on the DARPA Contract and related subcontracts.  *Id.*  Schafer advised Virginia Square's agent and property manager of the Facility Use Agreements, reiterated that the agreements provided for "desk space" and were not subleases, and requested Virginia Square's consent pursuant to Section XXXI of the Lease. Virginia Square consented and the parties entered into Consent to Use Agreements.  *See* Compl., <u>Exhibits E and H</u>.

On or about May 1, 2012, DARPA relocated to a new building located at 675 North Randolph Road, Arlington, Virginia.  Compl. ¶ 23.  Following DARPA's relocation, Schafer negotiated for new office space closer to DARPA ("New Location").  *Id.* at ¶ 24.  Schafer is prepared to execute a lease for space in the New Location, subject to confirmation of its right to terminate the Lease pursuant to Section 9 of the Amendment.

Beginning in June 2012, Schafer communicated with Virginia Square's agent, LaSalle Investment Management, Inc. ("LaSalle"), concerning its intent to terminate the Lease pursuant to Section 9 of the Amendment and the proper calculation of the "Termination Fee" called for in that provision.  By letter dated September 28, 2012, Schafer notified Virginia Square, by and through its agent LaSalle, of Schafer's exercise of its right to terminate; proffered the Termination Fee based on information provided by Virginia Square; and requested that Virginia Square advise Schafer if it disagreed with the calculation of the Termination Fee.  *Id.* at ¶¶ 28-29.  By letter dated October 5, 2012, Virginia Square incorrectly asserted that Schafer did not have the right to terminate the Lease because, among other reasons, Schafer had entered into "subleases" as a result of the Facility Use Agreements. *Id.* at ¶ 30.  Virginia Square therefore rejected the Termination Notice, marked Schafer's check in payment of the Termination Fee "VOID," and returned the check to Schafer.

Schafer filed this Declaratory Judgment Action on October 25, 2010.  Schafer asks this Court to determine and declare, among other things, that: (1) Schafer possesses and properly exercised the right to terminate the Lease; (2) the Termination Fee proffered with Schafer's Termination Notice was properly calculated; and (3) that Virginia Square's rejection of Schafer's termination was improper and wrongful and constitutes a breach of its obligations under the Lease.

As a result of Virginia Square's actions, and without prompt resolution of this dispute, Schafer faces the untenable choice between having two leases in place, with the resulting increased expenses, or losing the opportunity to move to Schafer's New Location, with its lower occupancy costs and enhanced efficiencies of operation. *Id.* at ¶ 37.  Indeed, following the filing of this action, Schafer was contacted by a representative of the New Location's landlord, who

requested "assurances and evidence from Schafer that [Schafer's] termination option has been effectively executed" before it would proceed with finalizing a lease for the New Location. *See* Email attached hereto as <u>Exhibit A</u>. Without prompt resolution of this dispute, the landlord for Schafer's New Location will not finalize the lease and Schafer will lose this space.

## ARGUMENT

Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 provide a mechanism for the early adjudication and prompt resolution of certain disputes in the federal courts. *See* 28 U.S.C. § 2201 ("[U]pon the filing of an appropriate pleading, [a court] may declare the rights and legal relations of any interested party seeking such declaration…. Any such declaration shall have the force and effect of a final judgment[.]"); Fed. R. Civ. P. 57 ("The court may order a *speedy* hearing of a declaratory-judgment action."). These procedures are intended to prevent avoidable losses or damages and to further the efficient resolution of cases and controversies. *See McDougald v. Jenson*, 786 F. 2d 1465, 1481 (11th Cir. 1986); *Gregory v. FedEx Ground Package Sys.*, 2012 U.S. Dist. LEXIS 87798, *27-28 (E.D.Va. May 9, 2012) (citing C. Wright, A. Miller, M. Kane, FED. PRACTICE AND PROC. § 2751 (3d ed. 1998)). Because these objectives would best be achieved through an expedited adjudication, the Court should grant Schafer's Motion for Expedited Consideration.

Expedited resolution of this matter will fulfill the mandates of the Federal Rules by minimizing "the danger of avoidable loss and the unnecessary accrual of damages[.]" Wright & Miller at § 2751. Indeed, damages in this case are prospective and this action seeks to mitigate or avoid the loss entirely. As set forth above, Virginia Square's unwarranted rejection of the Termination Notice and its erroneous assertion that Schafer has no rights under Section 9 of the Amendment place Schafer in the untenable position of either entering into a second lease, and

4

thereby assume rent for office space in *two* separate locations, or risk losing the New Location with its lower occupancy costs and efficiencies. Indeed, Virginia Square will be *rewarded* in the form of additional rental payments the longer it drags this litigation out and will thereby deny Schafer any meaningful remedy. Schafer will therefore suffer severe prejudice if this dispute is not promptly resolved. Under such circumstances, a speedy hearing is warranted. *See John Nuveen & Co. Inc. v. N.Y. City Housing Dev. Corp.*, 1986 U.S. Dist. LEXIS 25782 (N.D. Ill. 1986) (granting speedy hearing where defendants "set the time table" in a manner that would leave the moving party without relief absent accelerated adjudication).

Moreover, where, as here, the Court is confronted with straightforward issues of contract interpretation, expedited resolution of a declaratory judgment action is appropriate. In Count I of its Complaint, Schafer seeks a judicial determination of the parties' respective rights and obligations under the Lease, as amended. In particular, Schafer seeks a judicial determination as to whether it is entitled to terminate, and has properly exercised its right to terminate, under Section 9 of the Amendment. Compl. ¶¶ 33(a)-(c). Virginia Square contends that Schafer waived or otherwise lost its right to terminate when it entered into the Facility Use Agreements. *Id.* at ¶ 30. Accordingly, this dispute does not involve difficult, complex, or lengthy contract interpretation issues or claims. To the contrary, this Court is confronted with "straightforward issues of contract interpretation" that may be resolved with limited discovery and upon expedited review. Accordingly, expedited review is warranted. *See Tri-State Generation & Transmission Ass'n v. BNSF*, 2008 U.S. Dist. LEXIS 121415, *19 (D.Ariz. June 16, 2008).

## CONCLUSION

For the reasons set forth above, Plaintiff, Schafer Corporation respectfully requests that this Court give expedited consideration to its request for declaratory relief.

Respectfully submitted this 9th day of November, 2012.

**SCHAFER CORPORATION**


**/s/      William F. Devine**
**William F. Devine (VSB No. 26632)**
**wdevine@williamsmullen.com**
**WILLIAMS MULLEN**
**1700 Dominion Tower**
**999 Waterside Drive**
**Norfolk, Virginia 23510**
**Tel: (757) 622-3366**
**Fax: (757) 629-0660**

**Anthony H. Anikeeff (VSB No. 20338)**
**aanikeeff@williamsmullen.com**
**WILLIAMS MULLEN**
**8300 Greensboro Drive**
**Suite 1100**
**McLean, VA 22102**
**Tel: (703) 760-5225**
**Fax: (703) 748-0244**

**Certificate of Service**

I hereby certify that on the 9th day of November, 2012, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and have sent a true and accurate copy by first class mail, postage prepaid, to the following:

Virginia Square Office Corporation
c/o LaSalle Investment Management, Inc.
ATTN:  Allison McFaul, Vice President
100 East Pratt Street
Baltimore, MD  21202

**/s/      William F. Devine**
**William F. Devine (VSB No. 26632)**
**wdevine@williamsmullen.com**
**WILLIAMS MULLEN**
**1700 Dominion Tower**
**999 Waterside Drive**
**Norfolk, Virginia 23510**
**Tel: (757) 622-3366**
**Fax: (757) 629-0660**

**Anthony H. Anikeeff (VSB No. 20338)**
**aanikeeff@williamsmullen.com**
**WILLIAMS MULLEN**
**8300 Greensboro Drive**
**Suite 1100**
**McLean, VA 22102**
**Tel: (703) 760-5225**
**Fax: (703) 748-0244**

19765366_1