IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

SCHAFER CORPORATION,            )
                                )
    Plaintiff,                  )
                                )
       v.                       )   1:12cv1204 (JCC/IDD)
                                )
VIRGINIA SQUARE OFFICE          )
CORPORATION,                    )
                                )
                                )
    Defendant.                  )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Schafer Corporation's ("Plaintiff" or "Schafer") Motion for Expedited Consideration of Declaratory Judgment Claim (the "Motion for Expedited Consideration") [Dkt. 5] and Defendant Virginia Square Office Corporation's ("Defendant" or "Virginia Square") Motion to Dismiss for Failure to State a Claim (the "Motion to Dismiss") [Dkt. 7].  For the following reasons, the Court will deny Plaintiff's Motion for Expedited Consideration and deny Defendant's Motion to Dismiss.

**I. Background**

A.  Factual Background

Plaintiff Schafer is the tenant, and Defendant Virginia Square is the current landlord and successor-in-

1

interest to the original landlord (New Boston/Meridian, L.L.C., a non-party), under an lease agreement dated June 23, 2000 ("Original Lease") and amended by a First Amendment to Lease dated August 31, 2009 ("First Amendment") (collectively, the "Lease"). (Compl. [Dkt. 1] ¶ 3-4; Original Lease [Dkt. 1-1]; First Amendment [Dkt. 1-2].) The term of the Lease expires on August 31, 2014. (First Amendment at 1, § 5.)

Section XXI of the Original Lease provides that the Lease cannot "be assigned, mortgaged, pledged, encumbered or otherwise transferred, and that neither the Premises, nor any part thereof, will be . . . used or occupied or utilized for desk space or for mailing privileges, by anyone other than [Plaintiff] (except that [Plaintiff]'s affiliates may also occupy or use the Premises) . . . or be sublet" without Defendant's prior written consent. (Compl. ¶ 9; Original Lease, § XXI.)

Plaintiff is a subcontractor to the Defense Advanced Research Projects Agency ("DARPA") through DARPA's contract with Booz Allen Hamilton, Inc., the prime contractor. [Compl. ¶ 11-12.] Section 9 of the First Amendment provides Plaintiff with a "Limited Right of Termination," stating that:

> In the event (i) the Defense Advanced Research Projects Agency ("DARPA") relocates from its current location to a new location (the "New DARPA Building), (ii) Tenant leases space ("Tenant's New Location") either at the New DARPA Building or in a building that

> is closer then (sic) the Building to the New DARPA
> Building (measured by direct linear distance, without
> regard to the location of streets or other buildings
> or improvements, from the primary building entrance of
> each such building), and (iii) Tenant relocates all or
> substantially all of its employees then working at the
> New Premises [the space in the Building demised to
> Plaintiff under the Lease] to Tenant's New Location,
> Tenant shall have the conditional right to terminate
> this Lease . . . .

(First Amendment, § 9.) Section 9 states that Plaintiff may exercise this limited right of termination by providing Defendant with written notice of its election to terminate, notice which includes identification of Plaintiff's new location, and by paying a termination fee. (*Id.*) The section provides that the Lease's termination will become effective on the date nine months after the termination notice and fee are delivered to Defendant, provided that Plaintiff is not in default at that time or at the time of the termination notice. (*Id.*) The section also requires Plaintiff to provide Defendant with a fully executed copy of its new lease to Defendant "at least thirty (30) days prior to the effective date of termination so that [Defendant] may verify that [Plaintiff] has satisfied the termination conditions set forth herein." (*Id.*) Finally, the section states that if Plaintiff assigned or subleased the premises in whole or part, Plaintiff's limited right of termination would be terminated automatically. (*Id.*)

Subsequent to the execution of the First Amendment, Plaintiff entered into two "facility use agreements" with Booz Allen Hamilton, Inc. ("Booz Allen") and the Potomac Institute for Policy Studies ("Potomac") for the purpose of facilitating performance of a DARPA contract and related subcontracts. (Compl. ¶ 11-13, 17-19; Booz Allen Facility Use Agreement [Dkt. 1-3]; Potomac Facility Use Agreement [Dkt. 1-6].) The facility use agreements provided limited use of certain portions of Plaintiff's premises to Booz Allen and Potomac in exchange for use costs, payable monthly, and operating costs as billed by the landlord, and subject to all of the building's rules and regulations as incorporated by the facility use agreements. (Compl. ¶¶ 13, 18; Booz Allen Facility Use Agreement, §§ 1-2, 5; Potomac Facility Use Agreement, §§ 1-2, 5.) The agreements limited Booz Allen's and Potomac's use and access to the premises "solely for general office purposes related to the scope of work under the [DARPA] Prime Contract and Subcontract which require access to the Office, during normal business hours of" Plaintiff. (Booz Allen Facility Use Agreement, § 7; Potomac Facility Use Agreement, § 7.)

Prior to entering into the first of these facility use agreements, Plaintiff advised Defendant's agent and property manager of the facility use agreement (with Booz Allen), stated that it was "not a sublease, assignment or transfer of the

4

[L]ease or the obligations thereunder but is a condition whereby 'desk space' has (sic) described in Lease Section XXI will be shared for the purposes of the referenced [DARPA] contract," and requested Defendant's consent pursuant to Section XXI of the Lease. (Compl. ¶ 15.) Defendant, Plaintiff, and Booz Allen executed a "Consent to Use" agreement whereby Defendant consented to the Booz Allen Facility Use Agreement. (Booz Allen Consent to Use Agreement [Dkt. 1-5].) That consent agreement noted that "[n]otwithstanding anything herein to the contrary, this Consent Agreement is not a consent to or approval of or an agreement by Landlord to the particular terms and conditions of the [Booz Allen Facility Use] Agreement, but only [Defendant]'s consent to [Plaintiff]'s subleasing the Office to [Booz Allen]." (*Id.* § 4.) Soon after entering into the second facility use agreement (with Potomac), Plaintiff advised Defendant's agent and property manager of that agreement, presented Defendant with a second "Consent to Use" agreement in the same form as the Booz Allen Consent to Use Agreement, and requested that Defendant sign that consent agreement. (Compl. ¶ 20; Potomac Consent to Use Agreement [Dkt. 1-8].) Defendant, Plaintiff, and Potomac executed the Potomac Consent to Use Agreement, which contained the same terms as the Booz Allen Consent to Use Agreement. (Compl. ¶ 21; Potomac Consent to Use Agreement [Dkt. 1-8].)

5

On May 1, 2012, DARPA relocated to a new building. (Compl. ¶ 23.) Following this relocation, Plaintiff negotiated for new office space closer to DARPA and communicated with Defendant's agent concerning Plaintiff's intent to terminate the Lease pursuant to Section 9. (*Id.* ¶¶ 23-24, 28.) Plaintiff alleges that the agent, in consultation with Defendant, provided Plaintiff with information concerning calculation of the termination fee and, over the course of four months, never challenged or raised any objections to Plaintiff's right to terminate. (*Id.;* Emails between Plaintiff and Defendant's agent, Ex. I [Dkt. 9].) On September 28, 2012, Plaintiff provided Defendant with the termination fee and notice of its exercise of its right to terminate. (Compl. ¶¶ 28-29; Sept. 28, 2012 Letter [Dkt. 1-10].) At that time and as of the present date, Plaintiff had not executed a lease for new space (Compl. ¶ 24) or moved any of its employees to the proposed new space (*id.* ¶ 26). On October 5, 2012, Defendant by letter asserted that Plaintiff did not have the right to terminate under Section 9 because (a) Plaintiff had entered into subleases with Booz Allen and Potomac Institute and (b) Plaintiff had not performed the two conditions precedent to the exercise of the right to terminate, the leasing of a space at a location closer to the new DARPA building's location and the relocation of all or substantially all of Plaintiff's employees to Plaintiff's new

6

leased space. (*Id.* ¶ 30; Oct. 5, 2012 Letter [Dkt. 1-11].) Defendant therefore rejected Plaintiff's termination notice, marked Plaintiff's check in payment of the termination fee "VOID," and returned the check to Plaintiff. (Compl. ¶ 30.)

    B.    <u>Procedural Background</u>

Plaintiff filed suit in this Court on October 25, 2012. [Dkt. 1.] The Complaint contains two counts: (1) a declaratory judgment claim (Count I); and (2) in the alternative, a breach of contract claim (Count II).[1]

On November 9, 2012, Plaintiff filed its Motion for Expedited Consideration and accompanying memorandum of law. [Dkts. 5-6.] Defendant filed its opposition on November 22, 2012. [Dkt. 10.] After this Court granted Plaintiff an extension [Dkt. 12], Plaintiff filed its reply brief on November 30, 2012. [Dkt. 13.]

Defendant filed its Motion to Dismiss and accompanying brief on November 22, 2012. [Dkts. 7-8.] Plaintiff filed its opposition on December 4, 2012 [Dkt. 14], and Defendant replied on December 10, 2012 [Dkt. 15].

---

[1] Plaintiff attaches 14 exhibits, Exhibits A-K. In considering a motion to dismiss, the Court may consider not only the pleadings but also documents attached to the pleadings, documents integral to, relied on, or referenced to within the pleadings, and official public records pertinent to the plaintiff's claims. See *Philips v. Pitt County Memorial Hosp.*, 572 F.3d 176 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006); *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995). The Court therefore may consider these exhibits attached to the complaint without converting this motion to dismiss to a motion for summary judgment.

7

Plaintiff's Motion for Expedited Consideration and Defendant's Motion to Dismiss are before the Court.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss those allegations which fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A court reviewing a complaint on a Rule 12(b)(6) motion must accept well-pleaded allegations as true and must construe factual allegations in favor of the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (citation omitted).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v.*

*Iqbal*, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, id., and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 129 S.Ct. at 1949–50.

### III. Analysis

A. <u>Plaintiff's Motion for Expedited Consideration</u>

In its motion, Plaintiff requests that this Court grant expedited consideration of this matter. In support, Plaintiff cites to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, noting that Rule 57 provides that a court "may order a speedy hearing of a declaratory-judgment action.") (Pl. Mem. Mot. for Expedited Consid. [Dkt. 6] at 4.) Plaintiff argues that expedited resolution will fulfill the Federal Rule's mandates by minimizing the danger of avoidable loss and the unnecessary accrual of damages and that Plaintiff will suffer severe prejudice if the dispute is not

9

promptly resolved.  (*Id.* at 4-5.)  Plaintiff also asserts that expedited consideration is warranted because this dispute involves straightforward issues of contract interpretation that may be resolved with limited discovery and expedited review. (*Id.* at 5.)

In response, Defendant argues that the requested relief is both unnecessary and prejudicial.  First, Defendant asserts that expedited consideration is unnecessary because this district is one of the fastest moving districts in the United States and, if this Court denies Defendant's Motion to Dismiss, either party can move for summary judgment and this Court's standard motions procedures will provide for an already speedy hearing.  (Def. Opp. to Mot. for Expedited Consid. [Dkt. 10] at 3-4.)  Second, Defendant argues that if Plaintiff's request for expedited consideration is equivalent to requesting a trial on the merits via a hearing as on a motion, then such relief would be prejudicial to Defendant.  (*Id.* at 4.)  In its reply, however, Plaintiff clarifies that it did not seek to avoid discovery or to obtain summary judgment on its claims through its Motion to Expedite, but rather only requests that the Court expedite the timetable for consideration and adjudication of this matter by accelerating the timetable to a matter of weeks rather than months.  (Pl. Reply re Mot. for Expedited Consid. [Dkt. 13] at 1, 4.)  As a result, Defendant's first objection to

expedited consideration of this matter -- that the relief is unnecessary -- remains its primary argument in opposition to Plaintiff's motion.

The Court concludes that expedited consideration of this matter is unnecessary because, as noted by Defendant, this Court already provides for significantly accelerated consideration of cases under the local rules and procedures in this district. Plaintiff has not demonstrated a sufficient need for further acceleration of the adjudication of this matter beyond that ordinarily provided in this district. As a result, the Court will deny Plaintiff's Motion for Expedited Consideration.

B.  Defendant's Motion to Dismiss

Defendant argues that Plaintiff's complaint should be dismissed because Plaintiff had no right to terminate the Lease because (1) Plaintiff voided its limited right to terminate by subleasing its premises and (2) even if Plaintiff did not void its right to terminate, it has not performed all the conditions precedent to the exercise of that right. (Def. MTD Mem. [Dkt. 8] at 4.)

First, Defendant asserts that Plaintiff voided its right to terminate by subleasing a portion of its premises to Booz Allen and Potomac via the facility use agreements. In support, Defendant argues that these agreements, while titled

"facility use agreements," in substance have all of the defining features of a sublease: under the agreement, Plaintiff is obligated to permit Booz Allen and Potomac to use a portion of the premises, and in turn they are required to make monthly payments for use and operating costs as well as required to abide by the building's rules and regulations. (*Id.* at 4-5.) In addition, Defendant notes that the consent to use agreements stated that the facility use agreements provided for Defendant's "consent to [Plaintiff]'s *subleasing* the Office" to Booz Allen and Potomac. (*Id.* at 5.)

Second, Defendant claims that even if Plaintiff did not void its limited right to terminate, Plaintiff still cannot exercise that right because it has not fulfilled all the conditions precedent to its exercise. Defendant argues that Section 9 sets out three conditions precedent to the exercise of the limited right of termination: (1) DARPA moves to a new location; (2) Plaintiff "leases space" in a new location closer to DARPA's new building; and (3) Plaintiff "relocates" its employees to the new location. As a result, Defendant argues that Plaintiff's *intent to* lease a new location and *intent to* relocate its employees to that new location do not fulfill the second and third conditions precedent. (*Id.* at 5-6.)

In response, Plaintiff argues that in the Motion to Dismiss, Defendant seeks to have this Court resolve the key

issues upon which Plaintiff's declaratory judgment action is based, and therefore Defendant's requested relief exceeds what is appropriate at the motion to dismiss stage of litigation. (Pl. MTD Opp. [Dkt. 14] at 5-6.)

In addition, Plaintiff asserts that the facts alleged, as well as the plain language of the First Amendment to the Lease, indicate that Plaintiff has a right to terminate the Lease. First, Plaintiff argues that under the facts alleged and the terms of the facility use agreements, it did not sublease a portion of the premises to Booz Allen and Potomac. In support, Plaintiff asserts that the terms of the agreements provided that Booz Allen and Potomac had limited use and access to the premises and that Plaintiff retained management and control over this use and access, as well as notes that it indicated in its communications with Defendant that the facility use agreements did not constitute a "sublease, assignment, or transfer" of the Lease but rather were "a condition whereby 'desk space' has [sic] described in Lease Section XXI will be shared for the purpose of" the DARPA contract." (*Id.* at 5-7.) Plaintiff therefore characterizes the facility use agreements as licenses to Booz Allen and Potomac instead of subleases. As a result, Plaintiff argues that it has properly alleged that it retains the limited right to terminate the Lease.

13

Second, Plaintiff argues that Defendant incorrectly interprets the circumstances under which Plaintiff could exercise the limited right to terminate the lease provided in Section 9. Instead, Plaintiff claims that the entirety of Section 9 indicates that the parties' intent was that upon DARPA's relocation, Plaintiff could identify a new location closer to DARPA, provide Defendant with the requisite written termination notice and fee, and then have nine months to execute the new lease and relocate its employees prior to the effective termination date of the Lease, so long as it gave Defendant a fully executed copy of the new location lease at least 30 days prior to that date. (*Id.* at 8-10.) Under this interpretation of the Lease and Section 9 in particular, Plaintiff argues that it has properly alleged that it has met the conditions necessary to exercise its right to terminate the Lease. (*Id.* at 10.)

Both parties' arguments regarding the Motion to Dismiss turn on their particular interpretation of Section 9 and of the parties' intent expressed in that section. In particular, through its arguments in support of its assertion that Plaintiff has failed to state a claim, Defendant seeks to have this Court resolve the interpretation of Lease and the very issues which Plaintiff seeks to be resolved ultimately via its declaratory judgment claim. In effect, Defendant seeks a judgment on the pleadings. This is premature. The Court finds

14

that summary disposition of this case is not appropriate at this stage of the litigation, but rather should occur after some discovery has been conducted and after one or both of the parties have filed a motion for summary judgment. Accordingly, the Court concludes that Defendant's Motion to Dismiss should be denied.

## IV. Conclusion

For the foregoing reasons, the Court will deny Plaintiff's Motion for Expedited Consideration and deny Defendant's Motion to Dismiss.

|                      | /s/                                  |
|----------------------|--------------------------------------|
| January 22, 2013     | James C. Cacheris                    |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE   |